UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CURTIS KIBLER,
          Appellant,

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-1221-16-0174-W-1

DATE: September 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Kibler, Stafford, Virginia, pro se.

Riva A. Parker, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal alleging that the agency gave him a negative appraisal, denied his within‑grade increase,[2] and subjected him to a hostile work environment in retaliation for filing a grievance that sought to remedy the agency's failure to provide him with a performance appraisal.  Initial Appeal File (IAF), Tab 1.  The administrative judge found that, because the appellant's grievance was not related to an attempt to remedy a violation of 5 U.S.C. § 2302(b)(8), it was not protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). IAF, Tab 13, Initial Decision (ID) at 3-4.  She found that the appellant failed to make a nonfrivolous allegation that he engaged in protected activity appealable to the Board in an individual right of action (IRA) appeal.  ID at 4.

¶3        In his petition for review,[3] the appellant reiterates that he filed a grievance to remedy the agency's failure to provide him with a performance appraisal,

---

[2] The Board's Washington Regional Office docketed the appellant's alleged denial of a within‑grade increase as a separate appeal.  The administrative judge dismissed that appeal for lack of jurisdiction, and on petition for review the Board reversed and remanded.  *See Kibler v. Department of the Army*, MSPB Docket No. DC-531D-15-0914-I-1, Final Order (May 12, 2016).

[3] In his petition, the appellant mentions an alleged involuntary resignation.  The Washington Regional Office docketed the appellant's alleged involuntary resignation as a separate appeal.  The administrative judge dismissed that appeal for lack of

which violated the agency's regulations. He thus asserts that his grievance disclosed a violation of law, rule, or regulation.

¶4     Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Kerrigan v. Department of Labor*, 122 M.S.P.R. 545, ¶ 10 n.2 (2015) (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶5     Here, the appellant's allegations of retaliation for filing a grievance arise under 5 U.S.C. § 2302(b)(9)(A)(i). The administrative judge properly determined that the appellant exhausted his administrative remedies before OSC. ID at 3; IAF, Tab 1 at 4. As the administrative judge also correctly found, because the appellant's grievance did not concern remedying an alleged violation of 5 U.S.C. § 2302(b)(8), the Board lacks jurisdiction to consider his allegations of reprisal for his grievance in the context of an IRA appeal. ID at 3-4. Filing a grievance, which does not itself seek to remedy whistleblower reprisal, is not a protected disclosure or activity under the WPEA. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (citing 5 U.S.C. § 2302(b)(9)(A)(i)); *see also* 5 U.S.C. §§ 1221, 1214 (containing the codified version of the statute at large cited in the *Mudd* decision as section 101(b)(1)(A) of the WPEA).

¶6     Accordingly, we affirm the initial decision.

---

jurisdiction, and on petition for review the Board affirmed. *See Kibler v. Department of the Army*, MSPB Docket No. DC-0752-15-0915-I-1, Final Order (May 12, 2016).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.